UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WESLEY I. NUNN,

    Plaintiff,

    v.

MELISSA A. LEBLANC,

    Defendant.

_____/

No. C 14-0905 PJH

**ORDER OF DISMISSAL; ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

Plaintiff Wesley I. Nunn filed the complaint in the above-entitled action on February 28, 2014, asserting claims under 42 U.S.C. § 1983 and § 1885, and claims of "vicarious responsibility" and "enforcement of rescission," against defendant Melissa A. LeBlanc aka Melissa Fenswick.

Also on February 28, 2014, plaintiff filed a request to proceed in forma pauperis ("IFP"). Because the court finds the complaint fails to state a claim, the action is dismissed pursuant to 28 U.S.C. § 1915(e).

**DISCUSSION**

A.    Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

1    A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact
2 or in law. Neitzke v. Williams, 490 U.S. 319, 328-30 (1989). A complaint lacks an arguable
3 basis in law only if controlling authority requires a finding that the facts alleged fail to
4 establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).
5 Thus, a court may dismiss as frivolous complaints that recite bare legal conclusions without
6 any supporting facts. Franklin, 745 F.2d at 1228; see also Tripati v. First Nat'l Bank &
7 Trust, 821 F.2d 1368, 1370 ( 9th Cir.1987). The term "frivolous" embraces "not only the
8 inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at
9 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

10   In reviewing a complaint for frivolity, a trial court may "pierce the veil of the
11 complaint's factual allegations and dismiss those claims whose factual contentions are
12 clearly baseless." Neitzke, 490 U.S. at 327. In so doing, the assessment of the factual
13 allegations must be weighted in favor of the plaintiff. Denton v. Hernandez, 504 U.S. 25, 32
14 (1992).

15   Where a litigant is acting pro se and the court finds the litigant's complaint frivolous
16 within the meaning of § 1915(e)(2), the court must give the litigant notice of the deficiencies
17 of the complaint and an opportunity to amend before final dismissal, unless it is absolutely
18 clear that the deficiencies of the complaint could not be cured by amendment. Cato v.
19 United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Eldridge v. Block, 832 F.2d 1132, 1135-
20 37 (9th Cir. 1987).

21 B.   The Complaint

22   Plaintiff Wesley I. Nunn was at one time involved in a romantic relationship with
23 Jennifer Fenswick, the mother-in-law of Melissa LeBlanc (now Melissa Fenswick),
24 defendant herein. At the conclusion of the relationship in 2004, Mr. Nunn agreed to deed
25 certain real property to Ms. LeBlanc ("the Meridian Street property") in exchange for a
26 release of claims that Jennifer Fenswick had against him. Mr. Nunn signed the grant deed
27 on May 24, 2004, and Ms. Fenswick signed the release on June 15, 2004.

28   Mr. Nunn and Jennifer Fenswick had a falling-out, and litigation ensued regarding

money and property. First, Ms. Fenswick sued Mr. Nunn in a 2005 action filed in the Superior Court of California, County of Del Norte (Fenswick v. Nunn, No. CVUJ05-1431), alleging she was entitled to compensation under an oral agreement to share equally in the benefits of property acquired during the relationship. Mr. Nunn filed a counterclaim alleging that Ms. Fenswick had fraudulently induced him to transfer the Meridian Street property to Ms. LeBlanc by signing a release she did not intend to be bound by. Shortly thereafter, Mr. Nunn sued Melissa LeBlanc, also in Del Norte County Superior Court (Nunn v. LeBlanc, No. CVUJ05-1527), seeking damages for fraud, and rescission of the agreement to transfer the Meridian Street property to her. The Superior Court court denied Mr. Nunn's motion to consolidate the two cases.

On April 6, 2009, following a court trial, the Superior Court entered judgment in Fenswick v. Nunn (No. CVUJ05-1431). The court found that the release signed by Ms. Fenswick was a valid release, that neither party had fraudulently induced the other for any purpose, and that neither had been unjustly enriched at the expense of the other. The court awarded Mr. Nunn approximately $7,900 in damages for unauthorized credit card charges made by Ms. Fenswick.

In August 2009, the Superior Court dismissed Nunn v. LeBlanc (No. CVUJ05-1527) on res judicata and collateral estoppel grounds, finding that the issues had been resolved by the findings made by the trial judge in Fenswick v. Nunn (No. CVUJ05-1431). Mr. Nunn apparently did not appeal.

Instead, on September 14, 2009, Mr. Nunn filed another suit against Melissa LeBlanc in the Del Norte County Superior Court, in Nunn v. LeBlanc (No. CVUJ09-1323). In sustaining the demurrer, the Superior Court found that the gravamen of the complaint was that Mr. Nunn had entered into a written contract that provided that he would not be sued, in exchange for consideration in the form of a parcel of real estate; and that he was sued and thus was seeking return of the consideration. The court found that the statute of limitations for a claim of breach of written contract had run, and that Mr. Nunn's claims were time-barred. Mr. Nunn appealed, and the Court of Appeal issued a decision on

February 6, 2012, affirming the judgment. See Nunn v. LeBlanc, 2012 WL 363104 (A132141, Cal. Ct. App., Feb. 6, 2012).

On March 30, 2011, Mr. Nunn filed suit in this court against Jennifer Fenswick and Melissa LeBlanc (Nunn v. Fenswick, No. C-11-1545 NJV). On July 18, 2011, having found that the claims in plaintiff's state court case (No. CVUJ09-1323) were identical to those in the federal case (C-11-1545 NJV), the court stayed the federal case because the state court case had been dismissed and that dismissal was on appeal. On March 28, 2012, after the California Court of Appeal affirmed the judgment of dismissal in CVUJ09-1323, the stay of the federal case was lifted, and on April 19, 2012, the federal case was dismissed.

Meanwhile, on March 21, 2012, Mr. Nunn filed yet another suit (his third) against Melissa Fenswick (formerly LeBlanc) in the Del Norte County Superior Court, Nunn v. Fenswick (No. CVUJ12-1104), asserting claims for declaratory relief, quiet title, and damages for mesne profits (lost rents), and seeking return of the Meridian property. He alleged that Jennifer Fenswick had rescinded the settlement agreement and release of claims, and that he was entitled to a return of the Meridian Street property before she filed her 2005 lawsuit seeking damages.

Melissa Fenswick (formerly LeBlanc) demurred to the first amended complaint, and the court sustained the demurrer without leave to amend, finding that the claims were barred by the statute of limitations and res judicata, as they were based on facts already litigated and decided on the merits in the previous lawsuits. Mr. Nunn appealed the dismissal, and on September 27, 2013, the Court of Appeal issued a decision affirming the judgment of dismissal. See Nunn v. Fenswick, 2013 WL 5405321 (A137415, Cal. Ct. App., Sept. 27, 2013). In particular, the court found that the suit was seeking the same relief as Mr. Nunn's previous suit (CVUJ09-1323), on essentially the same theory.

On February 28, 2014, Mr. Nunn filed the present action (his second federal suit), against Melissa LeBlanc aka Melissa Fenswick. Mr. Nunn alleges that because the Fenswick v. Nunn action (CVUJ05-1431) proceeded to trial for a judicial determination as to

4

the validity of the release and settlement (but without Melissa LeBlanc as a party, and without a cause of action for rescission), and because after finding the release valid, the Superior Court proceeded to rule that Mr. Nunn's "rescission for fraud" claim in <u>Nunn v. LeBlanc</u> (CVUJ05-1527) was precluded by res judicata based on the judgment in <u>Fenswick v. Nunn</u>, he was still entitled to pursue a separate claim for "rescission for failure of consideration," which he did in filing <u>Nunn v. LeBlanc</u> (CVUJ09-1323).

Mr. Nunn asserts further that there was no basis for LeBlanc to assert a statute of limitations defense, and that with regard to <u>Nunn v. Fenswick</u> (CVUJ12-1104), LeBlanc "and the state court, in joint participation, . . . consistently disregarded the decisions and law of higher courts . . . ;" that the California Court of Appeal had improperly declined to "acknowledge, address, or respond to" his arguments as to why the Superior Court had violated his due process rights in sustaining the demurrer; and that the California Supreme Court had declined review of the decision, with the result that "state remedy is thereon exhausted."

In this suit, Mr. Nunn is again seeking to obtain an order rescinding the grant of the Meridian Street property, or, in the alternative, an order awarding damages for the value of the property plus the value of rental proceeds. He is also seeking punitive damages, damages for "loss of enjoyment of life" and "loss of economic opportunity," costs and attorney's fees, and a judicial declaration that Melissa LeBlanc aka Melissa Fenswick is "vicariously liable for the acts of her legal counsel."

C.   Analysis

   1.   Claims under 42 U.S.C. § 1983 and § 1985

Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

The complaint in this action alleges four causes of action under § 1983 – (1) a claim of denial of right to trial in violation of the Fifth, Seventh, and Fourteenth Amendments (based on the state court's finding that Mr. Nunn's claim for rescission was time-barred); (2) a claim of deprivation of property without due process in violation of the Fifth and Fourteenth Amendments (based on the alleged deprivation of Mr. Nunn's interest in the real property as to which he sought rescission of the transfer to Ms. LeBlanc); (3) a claim of taking of money and property without due process in violation of the Fifth and Fourteenth Amendments (also based on Ms. LeBlanc's alleged instigation of a "delay" in the state court proceedings, which resulted in the ruling that the claim for rescission was time-barred); and (4) a claim of denial of equal protection in violation of the Fourteenth Amendment (based on the allegation that Ms. LeBlanc persuaded the state court to adopt a "policy of bias" against Mr. Nunn as a pro se litigant, pursuant to which he was intentionally treated differently in connection with the state court's conduct of CVUJ12-1104, and also asserting a claim of conspiracy under 42 U.S.C. § 1985(3)).

The court finds that the § 1983 and § 1985 claims must be dismissed because the complaint fails to plead facts showing that Ms. LeBlanc is a state actor. A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (citation and quotation omitted). A private individual generally does not act under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Simply put – there is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

A private individual may be liable under Section 1983 if he conspired or entered joint

6

action with a state actor.  Franklin v. Fox, 312 F.3d 423, 441 (2002) (citation omitted). Such a conspiracy requires the existence of an agreement or a meeting of minds among the private individual and state agents to violate the plaintiff's constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.1989); see also Franklin, 312 F.3d at 441.  That is, action taken by private individuals or organizations may be under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295–96 (2001).

Here, Mr. Nunn asserts that Ms. LeBlanc acted "in joint participation or conspiracy with the state court" to deny him his constitutional rights, and that she is thus is a "state actor" for purposes of 42 U.S.C. § 1983.  However, he alleges no action taken by Ms. LeBlanc under color of state law, and no facts showing that Ms. LeBlanc is affiliated with the government or even giving rise to such an inference.

Nor, under the controlling authority, is there any way he can plead facts showing that Ms. LeBlanc's private behavior in litigating against him state court may be treated as that of the State itself.  First, more than "conclusory allegations" of a conspiracy are required to consider a private party a state actor.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).  Moreover, invoking state legal procedures does not constitute "joint participation" or "conspiracy" with state officials sufficient to satisfy the state action requirement.  Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir. 1988) (citations and quotations omitted); see also Tanasescu v. State Bar of California, 2012 WL 1401294 at *20 (C.D. Cal. March 26, 2012).

Second, even were the allegation that Ms. LeBlanc "conspired" with the state court to deprive Mr. Nunn of his constitutional rights plausible, which it is not, that would be insufficient to transform Ms. LeBlanc, a private individual, into a state actor, because there is no allegation that she participated in a joint action with a state actor.  The Superior Court is not a "person" within the meaning of § 1983; rather, it is an arm of the state and is

7

immune from suit unless the state has expressly waived immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Simmons, 318 F.3d at 1161.

2.   Subject matter jurisdiction

As a further basis for dismissal of the § 1983 and § 1985 claims, the court finds that it lacks subject matter jurisdiction. Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); D.C. Ct.App. v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review the propriety of state court rulings. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine bars "cases brought by state-court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments"). The proper court to obtain review of a final state court decision is the United States Supreme Court. See 28 U.S.C. § 1257; Rooker, 263 U.S. at 416; Feldman, 460 U.S. at 476.

The Rooker-Feldman doctrine applies even when the state court judgment is not made by the highest state court, Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 221 (9th Cir.1994); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986); and when a plaintiff's challenge to the state court's actions involves federal constitutional issues, Feldman, 460 U.S. at 483-84.

Under the Rooker-Feldman doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. Dubinka, 23 F.3d at 221 (quoting Feldman, 460 U.S. at 483-84 n.16). If the constitutional claim presented to a district court is inextricably intertwined with the state court's decision, then the district court essentially is being called upon to review the state court decision. Id.

8

The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" MacKay v. Pfeil, 827 F.2d 540, 545 (9th Cir. 1987). Because district courts lack power to hear direct appeals from state court decisions, they "must decline jurisdiction whenever they are in essence being called upon to review the state court decision." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2000).

Here, the complaint plainly asserts a challenge to the decisions of the California Superior Court and the California Court of Appeal in the various lawsuits described above. See, e.g., Cplt ¶ 23 ("state court . . . disposed of plaintiff's [p]laintiff's action on demurrer, ruling the statute of limitations as res judicata, displaying deliberate indifference against [p]laintiff without rationale or legal reasoning, and at all times disregarding [p]laintiff's due process right to litigate" the "rescission for failure of consideration" claim); ¶ 25 (plaintiff's "arguments fell on deaf ears, the Court of Appeal declining to acknowledge, address, or respond to any of [those] arguments"); ¶ 26 (Court of Appeal "deprived [p]laintiff of his only post-deprivation remedy, rendering the state procedural safeguards constitutionally inadequate"); ¶ 28 (no state court "ever cited law authorizing [d]efendant to assert a time bar against a claim severed and constitutionally bifurcated under California's bifurcation statute, and the trial court has refused every one of [p]laintiff's requests to introduce [other] testimony evidence"); ¶ 30 ("this action is based on the damage suffered by [p]laintiff resulting from joint participation or conspiracy, under color of law, of [d]efendant with the state court to unlawfully deprive" plaintiff of constitutional rights); ¶ 35 (the "decisions by the state court are contrary to judicial policy of the state of California"); ¶ 40 ("California Court of Appeal . . . unlawfully deprived [p]laintiff of his only post-deprivation remedy").

Because plaintiff is in essence asking this court to serve as an appellate tribunal to review errors allegedly committed by the California Superior Court and the California Court of Appeal in adjudicating cases to which he was a party, the court finds it lacks subject matter jurisdiction over the federal constitutional claims.

**CONCLUSION**

In accordance with the foregoing, the court finds that the § 1983 and § 1985 claims must be DISMISSED for failure to state a claim and lack of subject matter jurisdiction. Because the deficiencies cannot be cured by amendment, the dismissal is WITH PREJUDICE.

Having dismissed the federal claims with prejudice, the court declines to exercise supplemental jurisdiction over the remaining state law claims, see 28 U.S.C. § 1367(c)(3), and offers no opinion as to whether either states a claim. The dismissal of the state law claims is without prejudice to refiling in state court.

The IFP request is DENIED, as plaintiff's affidavit filed in support of the application shows that he is neither indigent nor without income.

**IT IS SO ORDERED.**

Dated:  March 17, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge